

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAIME FLORES, | § | No. 08-24-00143-CR |
| Appellant, | § | Appeal from the |
| v. | § | 41st Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20170D02631) |

## <u>MEMORANDUM OPINION</u>

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. On June 11, 2024, Appellant Jamie Flores filed a notice of appeal in this Court regarding a judgment entered against him on October 19, 2019. We understand his appeal to complain about his location of confinement and conditions of confinement (including the rules and policies of the facility), which Appellant asserts violate his plea agreement with the State.

The notice of appeal was drafted and prepared by Antonio Andres Garcia, but it was also signed and adopted by Appellant as a pro se filing. This Court sent notice to Appellant advising him that Mr. Garcia, as an unlicensed attorney, could not represent him in this appeal. Additionally, the notice advised Appellant that the appeal appeared to be untimely filed and was thus subject to

dismissal. *See* Tex. R. App. P. 26.2 (requiring the notice of appeal in a criminal case to be filed within 30 days of sentence pronouncement, or within 90 days if there is no motion for new trial).

Appellant responded to this Court's notice on July 1, 2024, by filing a response, motion to appoint counsel, motion for hearing on indigency, and a motion for certification of the defendant's right of appeal. In his response and motions, we understand Appellant to clarify that he is not challenging his conviction or attempting to appeal, but rather is complaining about court procedures and asking this Court to remand his cause to the trial court to revise his plea agreement and reduce his sentence by four years. Appellant's response and motions do not assert that his appeal is timely, nor do they show grounds for this Court's jurisdiction.

A timely-filed notice of appeal is a jurisdictional prerequisite to perfecting an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc). Only the Court of Criminal Appeals has jurisdiction to grant Appellant an out-of-time appeal of his felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (en banc) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). If a notice of appeal is untimely, an appellate court must dismiss the appeal for want of jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); Tex. R. App. P. 43.2(f). Therefore, we dismiss this appeal for want of jurisdiction. All pending motions are denied as moot.


LISA J. SOTO, Justice

July 12, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)